IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS A. BROWN, | § | Case No. 07-36422-H1-7 |
|     Debtor | § | |

| | | |
|---|---|---|
| THAI PHAM NGUYEN | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| DOUGLAS A. BROWN | § | |
|     Defendant | § | |

## COMPLAINT

Thai Pham Nguyen, files this complaint against Douglas A. Brown (the "Debtor") to determine dischargeability of debts pursuant to 11 U.S.C. § 523 and Bankruptcy Rule 4007.

### Summary of the Complaint

Dr. Nguyen seeks a determination that all obligations owed to him pursuant to representations made by Debtor are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2).

### Jurisdiction, Venue and Parties

Douglas A. Brown is the debtor under chapter 7 in Case No. 07-36422-H1-7. Mr. Brown may be served with process at the address listed in his bankruptcy petition located at 4009 Overbrook, Houston, Texas 77027. Mr. Brown will be served with this complaint and summons

pursuant to Bankruptcy Rule 7004. A courtesy copy of this complaint will be served upon Mr. Brown's bankruptcy counsel, J. Craig Cowgill, 2211 Norfolk, Suite 1190, Houston, Texas 77098.

Dr. Thai Pham Nguyen is a creditor of Debtor, as well as an investor in certain of Debtor's businesses. Dr. Nguyen may be served in this adversary proceeding through the undersigned counsel.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

Venue of this matter is proper under the provisions of 28 U.S.C. § 1409(a).

This proceeding arises under 11 U.S.C. § 523.

### Factual Background

Commencing in 2005, Debtor induced Plaintiff to invest $600,000.00 in his business, Juliet Homes, LP (the "Juliet Homes Investment"). In addition, Debtor induced Plaintiff to purchase a condominium in Miami, Florida (the "Condominium Investment"), described as follows:

> Condominium Parcel #2104, in Setai Resort and Residences, a Condominium, according to the declaration thereof recorded in O.R. Book 21981, Page 2159, of the public records of Miami-Dade County, Florida.

In inducing Plaintiff to invest in the Juliet Homes Investment, Debtor misrepresented the scope of the investment, and made false assurances of the method and time for repayment of the investment, with the sole purpose of inducing Plaintiff to invest money in Debtor's projects, money which Debtor had no intention of repaying.

Debtor fraudulently induced Plaintiff to purchase the Condominium Property by the promise that all expenses related to this investment would be paid by Debtor, and that Debtor would have no

financial exposure, whatsoever. In fact, Debtor had no intention of making any payment related to this investment, much less the ability to do so, and was relying solely on income from renting the property to meet his obligation. When the property was not rented, Plaintiff was faced with paying over $15,000.00 a month for this investment.

An involuntary chapter 7 petition was filed against the Debtor on September 7, 2007. An order for relief under chapter 11 was entered on October 31, 2007.The Debtor filed a motion to convert the case to a chapter 7 case on December 5, 2007. The case was converted to a chapter 7 case by order entered December 19, 2007.

### Nondischargeable

11 U.S.C. § 523(a)(2)(A) provides that an individual debtor is not discharged from any debt "...for money...or an extension...of credit, to the extent obtained, by...false pretenses, a false representation, or actual fraud". Plaintiff asserts that both investments, particularly the Condominium Investment, were obtained by the fraudulent acts and false misrepresentations made by Debtor, and as such the claim of Plaintiff is nondischargeable. Consequently, all obligations owed by the Debtor to Plaintiff are nondischargeable under § 523(a)(2).

### Prayer

Accordingly, Thai Pham Nguyen requests that the Court enter judgment determining that all obligations owed to him with respect to the Condominium Investment and the Juliet Homes Investment are nondischargeable and grant such other just relief to which Plaintiff may be deemed entitled.

Dated: June 16, 2008

Respectfully submitted,

**KING & EXEZIDIS, ATTORNEYS AT LAW**

By:_____
       BEN R. KING
       State Bar No. 00789952
       IKE EXEZIDIS
       State Bar No. 24002070
       1631 Dunlavy
       Houston, Texas 77006
       Telephone:   713/974-6700
       Fax:           713/974-6750
       e-mail: bking@benrking.com

       **ATTORNEYS FOR THAI PHAM NGUYEN**